**In re PETITION OF the RHODE ISLAND BAR ASSOCIATION, Michael A. DiLauro.**

**No. 94–418–M.P.**

Supreme Court of Rhode Island.

Dec. 7, 1994.

Richard W. MacAdams and Robert G. Flanders, Providence, for RI Bar Ass'n.

Michael A. DiLauro, pro se.

## OPINION

PER CURIAM.

■ The Rhode Island Bar Association filed a petition with this court on July 1, 1994, seeking to suspend from the practice of law certain attorneys who had failed to pay the required membership dues. This petition was filed in accordance with article III, section 3.5, of the bylaws of the Rhode Island Bar Association. The respondents were ordered to appear before this court on November 14, 1994, to show cause, if any, why they should not be suspended from the practice of law for failure to pay bar-association dues as required.

A separate amended order was issued on December 1, 1994, with regard to those attorneys who failed to respond to or contest the petition.

One respondent, Michael A. DiLauro (DiLauro), filed a written objection to that petition. The respondent asserted that as presently constituted, the Rhode Island Bar Association, membership in which is a precondition to the practice of law, constitutes an infringement on his constitutional and civil rights.

The respondent first asserts that petitioner has failed to comply with the constitutional requirements of *Keller v. State Bar of California*, 496 U.S. 1, 110 S.Ct. 2228, 110 L.Ed.2d 1 (1990). In that case the Supreme Court held that a state bar association's use of mandatory dues to finance political and ideological activities with which some members disagreed violated the members' rights of free speech guaranteed by the First Amendment when such expenditures were not necessarily or reasonably incurred for the purpose of regulating the legal profession or improving the quality of legal services.

In *Keller* the courts found that in addition to such self-regulatory functions as formulating rules of professional conduct and disciplining its members of the bar for misconduct, the funds generated from the membership dues were also used to hold educational programs, to lobby the State Legislature and other governmental agencies, to file amicus curiae briefs in pending cases, and to hold annual delegates' conferences for the debate of current issues and for the approval of resolutions.

In this case respondent filed with his written objection copies of correspondence between him and the association. The respondent has repeatedly referred to and quoted from *Keller*, asserting that the bar association has failed to comply with those requirements. However, at no point, in either correspondence, written argument, or oral argument, has DiLauro cited any specific instances wherein the limitations set forth in *Keller* have not been complied with.

On the matter of lobbying, the bar association has stated in correspondence with DiLauro and in oral argument before this court that it has engaged in lobbying activities on only two occasions. On one occasion it was to advance legislation proposed for changes in selection of judges. Such activity is central to the bar association's legitimate concerns and could not in any way be considered a violation of *Keller.* On the other occasion the bar association had engaged in lobbying the State Legislature in the 1970s when the bar supported legislation for a unified bar in this state.

During oral argument counsel for the bar association informed the court that in the near future it will have completed the establishment of a mechanism to arbitrate any dispute between the association and a member about the use of membership dues.

DiLauro also raised the issue of the filing of amicus briefs in the Supreme Court by the bar association. It is the practice of this court, particularly when called upon by the Governor or by the Legislature to render advisory opinions, to invite amicus curiae briefs from parties interested on the issues about which our opinion is sought. We invariably invite an amicus brief from the bar association. The bar association has informed DiLauro and this court that these briefs are prepared by individual attorneys acting pro bono and that no funds of the association are involved.

In its exchange of correspondence with DiLauro the bar offered him the opportunity to examine the books and the financial records of the association at a time convenient for him in order to satisfy him in regard to the activities of the bar. So far as we know, he has not taken advantage of this offer.

DiLauro asserts that the bar association failed to comply with the requirements of this court's order issued on June 28, 1973, in response to a petition for unification of the Rhode Island Bar. *Petition of the Rhode Island Bar Association,* 111 R.I. 936, 306 A.2d 199 (1973). In that order the bar association was directed to file with the clerk of this court a copy of the constitution and the bylaws and to file, from time to time, any amendments thereto. The court also or-

dered at that time that only the Supreme Court could remove or suspend a member's right to practice law. DiLauro asserts that the filing of the constitution and the bylaws or amendments has never been done.

Whether that filing has been done is a matter of concern between the association and this court. We fail to see how the failure to comply with that order would prejudice DiLauro's constitutional rights and liberties or confer upon him any personal privilege of ignoring the dues requirements of his bar membership.

DiLauro also asserts that the bar association has failed to issue annually a list of activities the costs of which are charged to all members and which are not, informing the members about the cost of those activities, and describing how these amounts are calculated. He cites *Crosetto v. State Bar of Wisconsin,* 12 F.3d 1396 (7th Cir.1993), in support of this proposition. We would point out that "Wisconsin's constitutionally permissible approach," to quote respondent, was arrived at following a lengthy litigation history both before and after *Keller* was decided. That litigation established that the Wisconsin Bar had engaged in several activities that violated *Keller* and apparently would continue to engage in such activities. The Wisconsin Supreme Court adopted a rule requiring that a list be published annually to inform objecting members of the activities they were not required to support financially. The case before us is light years away from *Crosetto.* It has never been established that this association has engaged in any activity that would be proscribed by the decided cases.

■ We have carefully considered respondent's position, and we conclude that he has completely failed to traverse in any particular way the position taken by the Rhode Island Bar Association that it has not violated the constitutional requirements of *Keller* or in any way infringed upon DiLauro's constitutional rights and liberties. He must assert facts to support his position. DiLauro's general assertions based on the holdings in decided cases are not sufficient. He has not asserted any specific facts that would justify his refusal to comply with the bar associa-

tion's rules. Each of the cases he relies on began in a trial court where evidence was presented, findings were made, and a record was created. It is not appropriate to have these issues considered and decided for the first time here in this appellate court of last resort without such an evidentiary record.

To have the issues properly resolved, DiLauro would have been better advised to have complied with the rules, filed an action in Superior Court, presented evidence to support his allegations, and obtained a judgment of that court, which would then be appropriate for our review. He has not done so. By choosing merely to oppose this petition of the bar association, which has been filed every year since our bar was unified, DiLauro has placed himself in a very vulnerable position.

For these reasons the petition of the Rhode Island Bar Association is granted, and the respondent attorney, Michael A. DiLauro, will be suspended from the practice of law until further order of this court unless, within fourteen days of the date of this opinion, he complies with all requirements of the Rhode Island Bar Association regarding the payment of dues.